IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL LARA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:22-cv-118 |
| | ) | |
| v. | ) | |
| | ) | |
| CHECKR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES the plaintiff, DANIEL LARA, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against CHECKR, INC., the plaintiff states as follows:

## I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

## II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.   PARTIES

4. DANIEL LARA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kerrville, County of Kerr, State of Texas.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. CHECKR, INC., (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third parties.

7. Defendant is incorporated in the State of California and has its principal place of business located at 1 Montgomery St, Ste 2000, San Francisco, CA 94104.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### IV.   ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's character, general reputation, personal characteristics, or mode of living.

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. Prior to October of 2021, Plaintiff had been a driver for UBER on its rideshare platform for approximately seven (7) years.

18. On or about October 4, 2021, Plaintiff was required by UBER as part of its terms and conditions of continued employment to undergo a routine background check.

19. As part of its routine background check on its prospective employees, UBER requested that Defendant provide information regarding, among other things, the character and general reputation and mode of living of Plaintiff.

20. On or about October 4, 2021, Defendant prepared and sold a consumer report to UBER, purportedly regarding the character, general reputation, and mode of living of Plaintiff.

21. The aforementioned consumer report contained public record information that indicated that Plaintiff was showing up on the Social Security Administration's Death Master List. The aforementioned consumer report indicated that Plaintiff was deceased.

22. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

23. The inaccurate information of which Plaintiff complains is putative information that Plaintiff is deceased.

24. Plaintiff is not deceased, and his social security number does not show up on the Death Master List at the Social Security Administration.

25. Specifically, Plaintiff asserts that Defendant mismatched information regarding Plaintiff, his character, reputation, and mode of living with another individual, or is purely providing false and incorrect information.

26. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including UBER.

27. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character, general reputation, and mode of living – in that it advises he is not living and therefore cannot be employed.

28. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

29. As of the result of the inaccurate information reported by Defendant to UBER, Plaintiff was not offered the position of employment.

30. On or about December 7, 2021, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

31. Furthermore, Plaintiff enclosed with his written dispute to Defendant documents and other information that either proved that the disputed information contained within his consumer report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

32. Plaintiff received a confirmation number from Defendant relative to his dispute.

33. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant, Defendant notified the furnisher of the inaccurate information (hereinafter, "the Furnisher") of Plaintiff's dispute and the nature of the dispute.

34. Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Defendant, the Furnisher received notification from Defendant of Plaintiff's dispute and the nature of the dispute.

35. Upon information and belief, Defendant received the results of the Furnisher's investigation as to Plaintiff's dispute.

36. Upon information and belief, Defendant updated the reporting of the account(s) at issued solely based upon the information it received from the Furnisher in response to Plaintiff's dispute.

**37.** Notwithstanding Plaintiff's efforts, Defendant has not responded to Plaintiff's disputes and instead has continued to publish and disseminate such inaccurate information to other third parties, persons, entities and employment grantors.

38. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of Plaintiff's dispute(s) as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

39. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character, general reputation, and mode of living yet said report contained information regarding an unknown third party that did not

have the same Social Security Number as Plaintiff and did not have the same middle initial as Plaintiff.

40. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to UBER and other unknown third parties.

41. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Temporary loss of employment opportunity;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the consumer report.

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

42. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

43. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

   b. willfully and negligently failing to provide, concurrent with the furnishing of a consumer report regarding Plaintiff to a prospective employer that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, notice to the consumer Plaintiff of the fact that public record information was being reported about Plaintiff, and failing to provide notice to Plaintiff of the name and address of the person to whom such information was being reported in violation of 15 U.S.C. §1681k(a)(1).

   c. willfully and negligently failing to maintain procedures designed to ensure that the reporting of public record information, which was likely to have an adverse effect on a Plaintiff's ability to obtain employment, was current and complete, in violation of 15 U.S.C. §1681k(a)(2).

    d. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    e. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    f. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    g. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

44. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DANIEL LARA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

                                                Respectfully submitted,
                                                **DANIEL LARA**

                                   By:   /s/ Leroy B. Scott
                                                        Attorney for Plaintiff

Dated: February 10, 2022

Leroy B. Scott  (Bar # 24083824)
SMITHMARCO, P.C.
PO Box 420453
Houston, TX 77242-0453
Direct Dial:   (214) 329-4717
Facsimile:   (888) 418-1277
E-Mail:   lscott@smithmarco.com